IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED NATIONAL INSURANCE COMPANY, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| INDIAN HARBOR INSURANCE COMPANY | : | NO. 14-6425 |

MEMORANDUM

Bartle, J.                                                    March 6, 2015

        Before the court is the motion of third-party
defendant Diamond State Insurance Company ("Diamond State") to
dismiss the third-party complaint which defendant Indian Harbor
Insurance Company ("Indian Harbor") has filed against it.

        Plaintiffs United National Insurance Company ("UNIC")
and Penn-America Insurance Company ("Penn-America") have sued
Indian Harbor, their professional liability insurer, for
declaratory relief and breach of contract, among other claims,
in connection with bad-faith disputes involving three underlying
lawsuits, styled the "Peccadillo's action," the "Jackson
action," and the "Port LA action."  In essence, plaintiffs
assert that Indian Harbor owed them coverage, including defense
costs, in connection with these actions in which plaintiffs'
insureds alleged improper claims handling.  The court has since
granted Indian Harbor's motion for judgment on the pleadings

against United National insofar as the complaint relates to the
Port LA Action.

Indian Harbor has filed not only a counterclaim
against plaintiffs but also a third-party complaint against
Diamond State, which Indian Harbor had insured for professional
liability under the same policies insuring plaintiffs.
Specifically, Indian Harbor alleges that it paid Diamond State
$4,542,706.88 for a loss sustained as a result of an underlying
claim styled the "Miller action."  It asserts on "information
and belief" that plaintiffs and Diamond State have been unjustly
enriched by payments, including reinsurance, for some or all of
the money Diamond State has recovered from Indian Harbor for the
Miller action.  It also seeks a declaratory judgment against
plaintiffs and Diamond State.

Diamond State first argues that it is not a proper
third-party defendant under Rule 14(a) of the Federal Rules of
Civil Procedure.  That rule provides in relevant part that "[a]
defending party may, as a third-party plaintiff, serve a summons
and complaint on a nonparty who is or may be liable to it for
all or part of the claim against it."  Whether such liability
against a third-party defendant exists or may exist, of course,
depends on the relevant substantive law.

In their complaint, as noted above, plaintiffs seek
damages and other relief against Indian Harbor in connection

-2-

with the Peccadillo's action and the Jackson action.  Plaintiffs
do not seek any relief involving the Miller action and make no
mention of it or Diamond State.

Rule 14(a) allows a defendant, as a third-party
plaintiff, to bring in a third-party defendant only where the
defendant alleges that its liability to the plaintiff is
secondary or derivative of the liability of the third-party
defendant.  Such secondary or derivative liability exists, for
example, where there is an indemnity agreement in favor of the
defendant or indemnity is implied in law.  See Builders Supply
Co. v. McCabe, 77 A.2d 368 (Pa. 1951).  Rule 14(a) also permits
a claim of a defendant against a third-party defendant where the
third-party defendant owes or may owe the defendant contribution
as a joint tortfeasor as a result of the defendant's liability
to the plaintiff.  Anderson v. Dreibelbis, 104 F.R.D. 415 (E.D.
Pa. 1984); Barab v. Menford, 98 F.R.D. 455 (E.D. Pa. 1983).  A
third-party complaint fails, however, where it pleads that the
third-party defendant is solely liable to the plaintiff since it
does not allege that the third-party defendant "is or may be
liable to it [the defendant] for all or part of the claim
against it."  Tesch v. United States, 546 F. Supp. 2d (E.D. Pa.
1982).

Here, there is no allegation that Indian Harbor's
liability to plaintiffs is secondary to or derivative of any

-3-

liability of Diamond State to the plaintiffs.  Nor does Indian Harbor allege that Diamond State is a joint tortfeasor.  In sum, Indian Harbor's third-party complaint simply seeks recovery of money it paid to Diamond State in connection with the Miller action, an action which is not the subject of plaintiffs' complaint.  Indian Harbor does not cite any Pennsylvania or other relevant substantive law that would fit its third-party claim against Diamond State within the framework of Rule 14(a).

In its brief in opposition to the motion to dismiss, Indian Harbor makes no attempt to challenge this analysis. Instead, Indian Harbor falls back on the argument that it has in reality filed a counterclaim, not a third-party complaint, against Diamond State and that the court should not be concerned with the nomenclature.  In making this argument, Indian Harbor relies on Rule 13(h) and Rule 20(a)(2) of the Federal Rules of Civil Procedure.

Rule 13(h) provides that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim."  Rule 20(a)(2) reads:

> Persons ... may be joined in one action as defendants if:
>
> (A)  any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

        (B)  any question of law or fact common to
    all defendants will arise in the action.

        The crucial question under Rule 20(a)(2)(A) is whether

the relief Indian Harbor seeks against Diamond State is "with

respect to or arising out of the same transaction, occurrence,

or series of transactions or occurrences" involving counterclaim

defendants UNIC and Penn-America.  Clearly, the Miller action,

on which the claim against Diamond State is based, does not

arise out of the same transaction or occurrence as the

Peccadillo's or the Jackson action.  Nor is there anything in

the pleadings alleging that these three lawsuits or the claims

or payments made in connection with them arise out of the same

series of transactions or occurrences.  Each of these matters

was a separate lawsuit involving different parties and distinct

sets of facts.[1]

        The fact that plaintiffs and Diamond State are all

insured by Indian Harbor under the same policies does not

satisfy the relatedness requirement of Rule 20(a)(2)(A).  The

circumstances here are no different, for example, than the

situation where a parent driver and a child driver are insured

under the same automobile insurance policy.  Each has an

accident on a different day and at a different place, and each

---

[1] The complaint identifies the situs of the Peccadillo's action
as Erie County, Pennsylvania and that of the Jackson action as
McCracken County, Kentucky.  The location of the Miller action
is not identified in the third-party complaint.

accident results in a lawsuit.  Those lawsuits, like the underlying lawsuits here, could never be deemed to arise out of the same transaction, occurrence, or series of transactions or occurrences.

Indian Harbor, passing over Rule 20(a)(2)(A), simply relies on the existence of common questions of law under Rule 20(a)(2)(B).  This is insufficient.  The demands of both Rule 20(a)(2)(A) and (B) must be met.  Thus, joinder of Diamond State as a defendant in Indian Harbor's counterclaim is improper under Rules 13(h) and 20(a)(2).

Since we are dismissing Diamond State as improperly joined as a party, we need not reach the other arguments it raises in support of its motion to dismiss.