IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED NATIONAL INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| INDIAN HARBOR INSURANCE COMPANY | : | NO. 14-6425 |

MEMORANDUM

Bartle, J.                                      December 9, 2015

Before the court is the motion of plaintiff
Penn-America Insurance Company ("Penn-America") for leave to
file its first amended complaint.

Penn-America has sued defendant Indian Harbor
Insurance Company ("Indian Harbor"), its professional liability
insurer, in this diversity action for breach of contract, breach
of duties, waiver, and estoppel in connection with two
underlying coverage disputes arising out of claims against
Penn-America by its insureds.[1]  Plaintiff seeks compensatory
damages stemming primarily from defense costs and/or settlement
payments made in connection with these underlying disputes.

Pursuant to the court's Scheduling Orders, fact
discovery closed on July 31, 2015 and expert discovery ended on

_____

1.  The claims of plaintiff United National Insurance Company
have previously been dismissed.  The court has also previously
entered judgment in favor of Indian Harbor on the plaintiffs'
claim for reformation.

October 16, 2015.  Summary judgment motions were filed by
October 30, 2015, as scheduled.

It was not until October 26, 2015, several months
after the close of fact discovery and a few days before the
summary judgment motions were due, that Penn-America filed the
pending motion for leave to file its first amended complaint.
Indian Harbor opposes the motion.

Rule 15(a) of the Federal Rules of Civil Procedure
provides that except in situations not relevant here, a party
may amend its pleading only with the written consent of the
opposing party or with leave of court.  The Rule further
provides that "the court should freely give leave when justice
so requires."  See Fed. R. Civ. P. 15(a)(2).  The Supreme Court
in Foman v. Davis, 371 U.S. 178, 182 (1962) has declared that
undue delay, bad faith, dilatory motive, undue prejudice, and
futility are among the reasons why a court in its discretion may
deny an amendment.  Our Court of Appeals "ha[s] interpreted
these factors to mean that 'prejudice to the non-moving party is
the touchstone for the denial of an amendment.'"  See Lorenz v.
CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993) (quoting Cornell
& Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d
820, 823 (3d Cir. 1978)).

The various new paragraphs of Penn-America's proposed
amended complaint fit into three general categories.  First,

-2-

there are paragraphs of a technical nature concerning jurisdiction and venue. These appear to be unnecessary since jurisdiction and venue are clearly proper and have not been challenged. The second category simply adds detailed factual allegations which are quite unnecessary under the notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure and the Supreme Court's decisions in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), and <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007). With respect to categories one and two, Penn-America's motion to amend is a dilatory maneuver and waste of time and expense for all concerned.

Finally, Penn-America proposes changes of a substantive nature by adding allegations in support of new claims for relief under 42 Pa. Cons. Stat. § 8371 for bad faith and under the Pennsylvania Unfair Insurance Practices Act, 40 Pa. Cons. Stat. §§ 1171.1 et seq. These changes are material.

Initially, we note that there is no private right of action under the Pennsylvania Unfair Insurance Practices Act. Only the Insurance Commissioner may enforce it. <u>See</u> <u>Fay v. Erie Ins. Grp.</u>, 723 A.2d 712, 714 (Pa. Super. Ct. 1999). Thus, to the extent the proposed amended complaint brings claims under this statute, the amendment is futile. And, to the extent Penn-America seeks to add a reference to either statute to provide additional support for its breach of duties claim, the amendment

-3-

is unnecessary.  Penn-America already pleaded in the original complaint that Indian Harbor breached a duty of care.  Allowing Penn-America to amend the complaint to bolster its breach of duties claim is also a dilatory maneuver and waste of time and expense for all concerned.

Most significantly, based on the chronology of events, Penn-America has engaged in undue delay in waiting until the eleventh hour to seek to file its amended complaint.  This delay is prejudicial to Indian Harbor.  If Penn-America's motion to amend were to be granted, Indian Harbor in fairness would be entitled, at least as to the material changes, to an extended period of additional discovery and more time to present expert reports.  The pending summary judgment motions would become moot and extra time would have to be afforded for future summary judgment motions.  All of this, of course, would result in significant additional expense and undue prejudice to the non-moving party.  See Lorenz, 1 F.3d at 1413-14.  The case, currently in the April 2016 trial pool, would have to be postponed for many months, if not longer.  Under Rule 1 of the Federal Rules of Civil Procedure, the civil rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding."  See Fed. R. Civ. P. 1.  What

Penn-America seeks flies in the face of this foundational rule which governs our construction of all the other civil rules.[2]

Accordingly the motion of Penn-America for leave to file its first amended complaint will be denied.

---

2.    The plaintiff, in its proposed amended complaint, is also deleting its claims for relief based on waiver and estoppel. Again, it is unnecessary to amend a pleading to give up a claim or legal theory.